### STEVENS *versus* ROLLINS, *administrator*.

A suit by one, *as surviving partner*, for money paid upon a liability for the defendant, is not supported by proving, that the survivor paid the money, after the death of the other partner, without also proving, that he paid it *in behalf of the partnership*.

On EXCEPTIONS from *Nisi Prius*, WELLS, J. presiding.

ASSUMPSIT, by William Stevens, as surviving partner of the firm of Hiram & William Stevens.

The firm owned one quarter of a schooner. They aver that they paid a bill for materials used in repairing her, and this suit is brought to recover for one half of that payment, on the ground that the defendant's intestate owned one half of the vessel.

Several defences were set up and there was much testimony. Some of it tended to prove that the payment was made by the hand of William Stevens.

The Judge instructed the jury, that if, at the time when the bill accrued, the defendant's intestate owned any part of the vessel, and Hiram and William Stevens also owned a part; and if William Stevens, the plaintiff, had paid the bill, the plaintiff was entitled to recover the proportion thereof, of which the intestate was the owner, it having appeared that the intestate requested the materials to be furnished for the schooner. The defendant excepted.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD, RICE and APPLETON, J. J., was delivered by

TENNEY, J., orally. — William Stevens sues as surviving

partner.  The action then is to be considered as brought by the firm.  Before a recovery can be had, it must be proved, that the firm paid the bill.

But the instruction allowed a recovery, if William alone paid it upon his individual account.  That was erroneous.

*Execptions sustained.*

*Evans,* for the defendant.

*Whitmore,* for the plaintiff.